NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BONNIE RUTH, | No. 17-56614 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-01513-JDE |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John D. Early, Magistrate Judge, Presiding

Submitted April 25, 2019[**]

Before:     FARRIS, LEAVY, and TROTT, Circuit Judges.

Bonnie Ruth appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Ruth's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act.  We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2012), and we affirm.

The ALJ did not err by failing to mention explicitly a reference to an EMG study that was not probative of any functional limitations. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (explaining that the ALJ is not required to discuss evidence that is neither significant nor probative). Substantial evidence supports the review by the Administrative Law Judge (ALJ) of the medical evidence and assessment of the Residual Functional Capacity (RFC), which properly includes all limitations consistent with and supported by substantial evidence. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (RFC must include all limitations supported by the record).

The ALJ did not err by failing to ask the Vocational Expert (VE) about any conflict between his testimony and the Dictionary of Occupational Titles (DOT) because there was no apparent conflict between Ruth's RFC and "the [DOT's] listing of job requirements that are essential, integral, or expected." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).

The ALJ properly discredited Ruth's testimony based on lack of supporting medical evidence. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (explaining that lack of supporting objective evidence may be one reason to discredit claimant testimony). Ruth waived any additional arguments by failing to adequately raise them before the district court. *See Greger v. Barnhart*, 464 F.3d

968, 973 (9th Cir. 2006) (concluding that Social Security disability claimant waived issues on appeal by failing to raise them before the district court).

The district court did not abuse its discretion by denying the motion to alter the judgment. *See McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (standard of review).

**AFFIRMED.**